PHILIP A. MCLEOD, CASB No. 101101
philip.mcleod@kyl.com
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
STEFAN PEROVICH, CASB No. 245580
stefan.perovich@kyl.com
JOSHUA NORTON, CASB No. 292692
joshua.norton@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate
Long Beach, California  90802
Telephone:     (562) 436-2000
Facsimile:      (562) 436-7416

Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee of certificate-holders of the WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-AR6 and JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton A. Rivera and Denise A. Rivera,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Deutsche Bank National Trust Co. as Trustee for Certificate holders of WaMu Mortgage Pass Through Certificate Series 2005-AR6; JP Morgan Chase Bank, N.A.; MTC Financial dba Trustee Corps; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO and DOES 1 through 1000, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:16-cv-00636-JSC<br><br>**PROOF OF SERVICE OF STANDING ORDER ON PLAINTIFFS** |

///

///

KYL_LB1896995

NOTICE OF REMOVAL BY DEFENDANTS DEUTSCHE BANK & JPMORGAN CHASE BANK, N.A. PURSUANT TO 28 U.S.C. §§ 1441, AND 1446 - Case No. 3:16-cv-00636-JSC

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California  90802.

     On February 11, 2016, I served the foregoing documents described as **CIVIL STANDING ORDER FOR MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Ronald H. Freshman, Esq.<br>Law Offices of Ronald H. Freshman<br>3040 Skycrest Drive<br>Fallbrook, CA  92028<br>Tel:  858-756-8288<br>Fax:  858-964-1728 | Attorney for Plaintiffs |

     ☑     BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

          ☐     I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

          ☑     I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Long Beach, California.

     ☑     BY CM/ECF:  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

     I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ Penny Vining*
_____
PENNY VINING

- 1 -     KYL_LB1896995

NOTICE OF REMOVAL BY DEFENDANTS DEUTSCHE BANK & JPMORGAN CHASE BANK, N.A. PURSUANT TO 28 U.S.C. §§ 1441, AND 1446 - Case No. 3:16-cv-00636-JSC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

**CIVIL STANDING ORDER FOR
MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY**
(Revised October 1, 2013)

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

**CALENDAR DATES**

Civil motions are heard on Thursday at 9:00 a.m.  During the months when Judge Corley is on criminal duty, the Court may move any Thursday 9:00 a.m. motions to Thursday afternoon.

Civil case management, status, and pretrial conferences are heard on Thursdays at 1:30 p.m.

**SCHEDULING**

Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the Court's availability at http://www.cand.uscourts.gov. For scheduling questions, please call Judge Corley's Courtroom Deputy, Ada Means at (415) 522-2015 or jsccrd@cand.uscourts.gov.

**CONSENT CASES**

In civil cases that are randomly assigned to Judge Corley for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.  If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.

In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1(a)(1) and (2).

**CHAMBERS COPIES AND PROPOSED ORDERS**

Under Civil Local Rule 5-1(b) parties must lodge an extra paper copy of any filing and

1

mark it as a copy for "Chambers." However, the parties do not need to submit chambers copies for stipulations, pro hac vice applications, and similar non-motion filings. Parties only need to submit chambers copies of other documents that (1) are related to a pending motion and/or discovery dispute and (2) exceed ten pages when combined. (For example, if a motion is 8 pages and a supportive declaration is 5 pages, chambers copies are required. However, if there is a 20-page stipulation and proposed order, no chambers copy is required.)

All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two-inches thick, the parties shall place the chambers copy in a binder. In a case subject to electronic filing, chambers copies must be submitted by the close of the next court day following the day the papers are filed electronically. The chambers copies shall be marked "Chambers Copy" and submitted to the Clerk's Office, in an envelope marked with "Magistrate Judge Corley," the case number, and "Chambers Copy."

Any stipulation or proposed order in a case subject to e-filing should, in addition to being e-filed, be submitted by email to jscpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This email address should only be used for this stated purpose unless otherwise directed by the Court.

**CIVIL CASE MANAGEMENT**

No later than seven (7) days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's general standing order for civil cases entitled "Contents of Joint Case Management Statement," a copy of which is attached hereto.

Parties may not continue a case management, status, or pretrial conference without Court approval. Each party shall be represented in person at the Case Management Conference by counsel (or a party if in pro se), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's general standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference. The facts establishing good cause must be set forth in the request.

Due to sequestration, all hearings, case management, status and pretrial conferences are audio recorded **only**; no court reporters will be provided. Parties may request a copy of either the audio recording (on CD) or a transcription of the audio recording by following the procedures set forth at http://cand.uscourts.gov/transcripts.

**Documents filed on ECF**
All exhibits to motions and/or discovery disputes should be separately filed on ECF (For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on).  All exhibits shall also be filed in a searchable OCR format where possible.

**Motions to File Under Seal**
Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5 as amended October 1, 2013.

The parties need not file paper copies of the administrative motion to seal with the clerk's office.  The parties only need to submit chambers copies of the administrative motion to seal and related filings.   Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting).  Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.  **If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.**

**CIVIL DISCOVERY**

*Discovery disputes referred from a district court judge*

Discovery disputes in cases referred by a district court judge to this Magistrate Judge must follow either procedure no. 1 or procedure no. 2, set forth below, depending on the status of the dispute at the time of the referral by the district court.

> Procedure No. 1:    Motions noticed for hearing before the district court and subsequently referred to this magistrate judge shall maintain the original district court briefing schedule.  Judge Corley will re-schedule a hearing on the motion to a date on Judge Corley's civil law and motion calendar.
>
> Procedure No. 2:    Discovery disputes which arise after the case has been referred to this Magistrate Judge, or before a formal motion has been filed before the district court, shall follow the procedure below:
>
> > The counsel for each party shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt

to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

If the parties are unable to resolve their dispute informally after a good faith effort, **including meet and confer efforts conducted by lead counsel**, they shall prepare a joint statement of not more than eight pages (12-point or greater font) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts.  Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue.  It is preferable that the parties file a separate letter for each dispute. Where necessary, the parties may submit supporting declarations and documentation.  Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.

The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages (12-point font or greater).

The joint statement or individual statements shall be e-filed (unless the case is exempt from e-filing requirements) and chambers copies submitted as required herein.  Whether joint or individual, the statement must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of the parties' submission[s], the Court will advise the parties of how the Court intends to proceed.  The Court may issue a ruling or schedule a telephone conference or in person conference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates.  The Court may also order the parties to come to the courthouse to meet and confer in good faith.

*Discovery disputes in cases which are assigned to Judge Corley for all purposes through consent of the parties*

The parties shall follow procedure no. 2 above for all discovery disputes in cases assigned to Judge Corley for all purposes.

4

**Privilege Logs**

If a party withholds material as privileged, see Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date. Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; and (f) the specific privilege and a brief summary of any supporting facts.  Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

**UNREPRESENTED (PRO SE) PARTIES**

Parties representing themselves should visit the link titled "Representing Yourself" on the Court's homepage, www.cand.uscourts.gov.  The link discusses the Court's "Legal Help Center" for unrepresented parties which is located on the 15th floor, room 2796, of the courthouse, 450 Golden Gate Avenue, San Francisco.

**IT IS SO ORDERED.**

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge