United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ANTON A. RIVERA AND DENISE A. RIVERA,**

    Plaintiffs,

      v.

**JPMORGAN CHASE BANK, N.A.** *et al.***,**

    Defendants.

Case No. 16-cv-00636 YGR

**ORDER ON MOTION TO REMAND; SETTING
COMPLIANCE HEARING; VACATING CASE
MANAGEMENT CONFERENCE**

Re: Dkt. No.  15

11

12

13

14

15

16

17

18

    Plaintiffs Anton Rivera and Denise Rivera filed the instant action in the Superior Court for the State of California, County of Contra Costa, against defendants Deutsche Bank National Trust Company, JPMorgan Chase Bank, N.A., and MTC Financial d/b/a Trustee Corps (collectively, "defendants") bringing various causes of action against defendants in connection with the foreclosure of plaintiffs' mortgage.  Plaintiffs bring thirteen causes of action under California State law and a fourteenth claim against all defendants for civil Racketeer Influenced and Corrupt Organizations Act ("RICO").  On February 8, 2016, defendants removed the action based on federal question jurisdiction, 28 U.S.C. section 1331, by virtue of the RICO claim.  (Dkt. No. 1.)

19

20

21

22

23

24

25

    Currently pending before the Court is plaintiffs' motion to remand.  (Dkt. No. 15.)[1]  Plaintiffs argue that the Court should decline jurisdiction over the entire case given that the RICO claim is the only federal cause of action in the first amended complaint ("FAC").  Defendants do not contest that the Court has original jurisdiction over the RICO claim only.  With respect to the other thirteen causes of action, defendants contend that the Court may exercise supplemental jurisdiction under 28 U.S.C. section 1367(a).  The Court agrees with the parties that the only ground on which this Court may exercise subject matter jurisdiction is its original jurisdiction to adjudicate plaintiffs' RICO claim.

26

27

28

---

[1] Also pending before the Court are defendants' motions to dismiss (Dkt. Nos. 8, 9) and to expunge *lis pendens* (Dkt. No. 10) as well as plaintiffs' motion for leave to file a late opposition to defendant MTC's motion to dismiss (Dkt. No. 38).  In light of the Court's Order today, those motions (Dkt. Nos. 8, 9, 10, 38) are **DENIED AS MOOT** to be renewed later if appropriate.

United States District Court
Northern District of California

*See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction over all civil actions under the…laws…of the United States"); 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy…."). For the reasons discussed below, however, the Court finds that the FAC fails to allege a plausible RICO claim. Accordingly, there is not an adequate jurisdictional showing at this juncture.

RICO, 18 U.S.C. section 1962(c), makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a claim, Plaintiffs must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (*en banc*) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). Section 1962(c) requires plaintiffs to allege two distinct entities: a "person" and an "enterprise." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 166 (2001). Section 1962(c) liability "depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Id*. at 163 (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)). An enterprise that is not a legal entity, such as a corporation, is commonly known as an "association-in-fact" enterprise. *Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, 871 F. Supp. 2d 933, 939 n.6 (N.D. Cal. 2012). The Ninth Circuit holds "an association-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Odom*, 486 F.3d at 552 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)); *Boyle v. United States*, 556 U.S. 939, 944 (2009). To show an association-in-fact enterprise, plaintiffs must allege facts to establish three elements: (1) a common purpose of engaging in a course of conduct; (2) an ongoing organization, either formal or informal; and (3) facts that provide sufficient evidence the associates function as a continuing unit. *Odom*, 486 F.3d at 553 (citing *Turkette*, 452 U.S. at 583).

Here, plaintiffs allege that defendants engaged in mail fraud with respect to several fraudulent acts, namely: the misapplication of mortgage payments; assignment of false instruments; and recordation of instruments containing false representations. (FAC ¶¶ 344-348.) Plaintiffs also allege

United States District Court
Northern District of California

1    that defendants conspired together in doing the same.  (*Id*. ¶¶ 356-357.)  The FAC further alleges that

2    defendants collectively "are an 'association-in-fact enterprise' associated together for the common

3    purpose of depriving homeowners of their property."  (FAC ¶ 356.)

4         The Court finds that plaintiffs' allegations in the FAC are insufficient to state a civil RICO

5    claim.  *See* Fed.R.Civ.P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim

6    showing that the pleader is entitled to relief"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

7    (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

8    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

9    First, the FAC provides insufficient facts to substantiate the common purpose for the association-in-

10   fact enterprise as alleged therein.  Plaintiffs offer no factual allegations to render plausible their claim

11   that defendants actually knew of the alleged common purpose, or that they "formed" the enterprise to

12   participate in "depriving homeowners of their property" – much less that defendants "conspired

13   together" to effectuate those fraudulent purposes.  (FAC ¶¶ 355-57.)  Thus, the FAC lacks allegations

14   to support plaintiffs' conclusory assertion that defendants shared the alleged common purpose of the

15   enterprise.  In addition, the FAC lacks any allegation that defendants engaged in enterprise affairs

16   outside of their own business affairs.

17        As such, the RICO claim is not pled adequately in the FAC.  Given the nature of the

18   allegations, the Court is skeptical that plaintiffs can allege a RICO claim.  However, out of an

19   abundance of caution, plaintiffs are afforded until **May 16, 2016** to file either a (i) dismissal the RICO

20   claim, or (ii) second amended complaint which includes additional allegations to support a RICO

21   claim.  Should plaintiffs dismiss their RICO claim, the Court will remand the remainder of the action

22   to the Contra Costa Superior Court.  *See Jones v. Community Redevelopment Agency of City of Los*

23   *Angeles*, 733 F.2d 646, 651 (9th Cir. 1984) (where "federal claims are dismissed before

24   trial…pendant state claims also should be dismissed").  On the other hand, should plaintiffs file a

25   second amended complaint, the Court will determine whether additional briefing on the sufficiency of

26   the RICO allegations is necessary and issue a further order thereon.  Counsel for plaintiffs is reminded

27   of his Rule 11 obligations in filing any second amended complaint.

28

The Court **Sets** a Compliance Hearing regarding plaintiffs' filing to be held on **Friday, May 20, 2016** at **9:01 a.m.** in the Federal Courthouse located at 1301 Clay Street in Oakland, California, Courtroom 1.  If plaintiffs have timely filed a dismissal of the RICO claim or a second amended complaint, the hearing may be taken off calendar and no appearance may be required.  Failure to do so may result in sanctions to plaintiffs.

In light of this Order, the Case Management Conference currently set for Monday, May 9, 2016, is hereby **Vacated** to be reset if necessary.

This Order terminates Docket Numbers 8, 9, 10, 38.

**It Is So Ordered.**

Dated: May 3, 2016

_____
**Yvonne Gonzalez Rogers**
**United States District Court Judge**

United States District Court
Northern District of California

4